UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B. NICHOLAS VELARDE,

                    Plaintiff,

v.

JOSEPH BIDEN,

                    Defendant.

Case No. 22-11680
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO SUA SPONTE DISMISS
PLAINTIFF'S COMPLAINT**

## I.   Introduction and Background

Plaintiff B. Nicholas Velarde, proceeding pro se, sues United States President Joseph Biden.  ECF No. 1.  The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 4.  The Court recommends that Velarde's complaint be dismissed sua sponte for lack of subject matter jurisdiction.

Velarde's complaint says that President Biden "is being held accountable for an act of MURDER/GENOCIDE" because former President William McKinley "and the succeeding twenty US Presidential Administrations…avoided political responsibility" for the Philippine Revolution, the Spanish-American War, and the Filipino-American War.

1

ECF No. 1, PageID.5.  Velarde seeks "the fulfillment of God's will unto His Second Coming or Judgment Day."  *Id.*, PageID.6.

## II.    Analysis

A plaintiff must show that the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.  "Questions of jurisdiction are fundamental matters" that a court should "review sua sponte."  *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993).  "Federal courts lack subject-matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (cleaned up).  Though courts give a more liberal reading to pleadings filed by pro se litigants than to those drafted by lawyers, a pro se complaint still must plead facts showing that the court has jurisdiction.  *Christenberry v. White*, No. 3:20-CV-176-TAV-DCP, 2020 WL 6371174, at *3 (E.D. Tenn. Oct. 29, 2020).

Velarde alleges that this Court has federal question jurisdiction under the Treaty of Paris of 1898.[1]  ECF No. 1, PageID.3, 4.  But treaties do not create inheritable or individual rights.  *See United States v. State of Mich.*, 471 F. Supp. 192, 271 (W.D. Mich. 1979); *United States v. State of Wash.*, 476 F. Supp. 1101, 1110 (W.D. Wash. 1979) (treaty rights are "communal in nature" and "not inheritable or assignable by the individual member to any person, party or other entity of any kind whatsoever.").

Velarde cites no other law or constitutional provision that permits him to sue President Biden in federal court for actions by his predecessors beginning in the Nineteenth Century.  Rather than seeking to vindicate a federal right, Velarde cites "the fulfillment of God's will" as the aim of his lawsuit.  ECF No. 1, PageID.6; s*ee Church of Jesus Christ of Latter-Day Saints v. Trump*, No. CV 18-2820 (RC), 2019 WL 11769175, at *2 (D.D.C. May 6, 2019), 2020 WL 873534 (D.C. Cir. Feb. 14, 2020) (finding that the court lacked subject matter jurisdiction when complaint was "replete with disconnected and mostly incoherent religious messages.").

---

[1] This treaty between the United States and Spain brought an end to the Spanish-American War, and the U.S. paid Spain $20 million for control of the Philippines.  https://loc.gov/rr/hispanic/1898/treaty.html, last viewed September 30, 2022.

Thus, Velarde's complaint is "completely devoid of merit as not to involve a federal controversy." *Arthur Andersen LLP,* 556 U.S. at 629.

## III.    Conclusion

The Court recommends that Velarde's lawsuit be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD

Dated: October 4, 2022                            United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

4

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2022.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager