UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

B. NICHOLAS VELARDE,

        Plaintiff,                              Case Number 22-11680

v.                                                 Honorable David M. Lawson

JOSEPH BIDEN,

        Defendant.
_____/

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS, OVERRULING
PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE WITHOUT PREJUDICE**

On July 20, 2022, plaintiff B. Nicholas Velarde filed his *pro se* complaint in this case naming as the sole defendant Joseph Biden, 46th President of the United States. The complaint indicates that the basis of jurisdiction is a federal question arising under the "Treaty of Paris 1898." Velarde's complaint states that he seeks to hold President Biden accountable for unspecified acts of "MURDER/GENOCIDE" that occurred during the "Philippine Revolutionary War," the "Spanish-American War," and the "American-Filipino War." According to the complaint, President Biden along with 20 of his predecessors in office have "avoided political responsibility" for the alleged atrocities through political machinations dating back to 1789.

Velarde alleges that he has "experienced terrible feelings of pain and hatred" throughout his entire life due to the tragic loss of life in those wars, and he beseeches the Court to aid in his crusade to achieve "the fulfillment of God's will" and the advancement of the world into the "final developmental period" leading to the "ESTABLISH[MENT] OF GOD'S TRUE NATION ON EARTH." The balance of the complaint consists of a pseudo-historical narrative generally tracking Velarde's thesis that the world has advanced through three "developmental periods" of increasing industrial and political complexity; the ultimate advancement of human society only

may be achieved by progression into the "final developmental period"; and the commencement of the final period of human development has been blocked by the reigning political and economic order, including the current and former presidential administrations.

The plaintiff has filed more than 60 other documents since the case was initiated comprising more than 10,000 pages of text. Some are denominated as motions, others as "objections" or "responses," and some were uncaptioned. All are similar, however, in consisting almost entirely of reiterations and embellishments of the pseudo-historical exegesis set forth in the complaint, along with lengthy diatribes on a variety of other tangentially related economic, historical, political, and religious topics.

The Court referred the case to the assigned magistrate judge for all pretrial proceedings. On October 4, 2022, Magistrate Judge Elizabeth A. Stafford issued a report recommending that the case be dismissed without prejudice for want of subject matter jurisdiction. The government did not present any objections to that report. Instead, on November 28, 2022, the government filed a motion to dismiss seeking a dismissal with prejudice for failure to state a plausible claim for relief. On January 9, 2023, Magistrate Judge Stafford issued a second report recommending that the government's motion be denied on the ground that in the absence of subject matter jurisdiction the Court lacks authority to address the merits of any claims. The government has not objected to that second recommendation, and the time for doing so has passed.

The case now is before the Court for review and consideration of the magistrate judge's recommendation for dismissal due to the want of jurisdiction. When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the Court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the Court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

As an initial matter, the Court observes that it is both impractical in a pragmatic sense and unnecessary as a matter of law for the Court to review the entire body of the plaintiff's profuse filings, which to date comprise more than 10,000 pages. "Although *pro se* complaints are afforded liberal construction, the Court is not obligated to sift through the various materials referenced in [the plaintiff's filings] to determine if some nugget is buried somewhere waiting to be unearthed and refined into a cognizable claim." *Allman v. United States*, No. 20-00665, 2020 WL 4757065, at *3 (D. Or. Aug. 14, 2020). However, the Court has reviewed the complaint and those portions of the subsequent filings that apparently were intended as objections to the recommendation for dismissal. Having done so, the Court agrees with the magistrate judge that the complaint must be dismissed for want of subject matter jurisdiction, because it fails to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any

other recognized body of law. Moreover, the Court finds nothing in the plaintiff's purported objections that identify with any specificity any legal or factual error in the magistrate judge's analysis of the basis for jurisdiction.

As the magistrate judge noted, the plaintiff paid the required filing fee when he tendered his pleadings to the Clerk of Court. The complaint therefore is not subject to routine preliminary screening by the Court under 28 U.S.C. § 1915(e), which applies only in cases where a plaintiff is granted leave to proceed *in forma pauperis*. However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). "A complaint is frivolous when it lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 F. App'x 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted). But *sua sponte* dismissal on this basis "is appropriate in only the rarest of circumstances where . . . the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] [federal] court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (citations omitted). This case falls within those rarest of circumstances.

It is well settled that "*[p]ro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] *pro se* complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But notwithstanding the liberal reading of the pleadings, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)). The complaint in this case alleges a litany of historical misdeeds during a series of wars involving nations across the globe, and it describes an allegedly ongoing conspiracy to cover up those misdeeds through political maneuvers spanning more than 230 years and involving twenty chief executives of the United States. To say that the allegations are "fanciful" is an understatement. The Court is not able to identify anywhere in the plaintiff's rambling narrative any possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.), *aff'd*, 22 F. App'x 496 (6th Cir. 2001).

Moreover, in his prayer for relief the plaintiff appears to seek the Court's assistance in bringing about on the Earth a "nation of god," and thereby rectifying the alleged historical injustices. From that initial pleading "[i]t is clear that this Court is not the forum that can provide [the plaintiff] with the type of assistance [he] truly needs." *Marshall v. Stengel*, No. 10-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010). The "Court is mindful of the fact that plaintiff has the constitutional right under the First Amendment to hold any religious belief he chooses," but "[t]he determination of the existence and nature of a supernatural power is beyond the scope of

valid governmental authority, U.S. Constitution Amend. I, and certainly outside the limited jurisdiction of the federal courts." *Dekoven*, 140 F. Supp. 2d at 762-63. "The relief plaintiff seeks is beyond the authority of the civil law to confer." *Id.* at 757.

The plaintiff's "objections" to the report and recommendation lend no more coherent substance to the case than the pleadings. Those "objections" present no developed argument explaining how the allegations in the complaint give rise to any cognizable claim under federal law. The main substance of the objections merely reiterates and elaborates on the surreal narrative that makes up most of the pleadings. Nowhere in the objections does the plaintiff present any coherent, developed argument identifying any legal error in the magistrate judge's conclusions. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings that [the objector] believe[s] [are] in error" are insufficient. *Ibid.* The plaintiff's "objections" to the report comprise no more perceptible legal or factual basis than the complaint itself, and the plaintiff therefore has not presented any valid reason why the recommendation for dismissal for lack of jurisdiction should not be adopted.

As noted above, the magistrate judge recommended that the complaint be dismissed without prejudice because the complaint does not present any case or controversy over which the Court has subject matter jurisdiction. The government subsequently moved under Rule 12(b)(6) for a dismissal with prejudice for failure to state a claim. However, the government did not object to the recommendation that its motion be denied as moot, apparently recognizing the well settled principle that the Court should not pass on the merits of any claims over which it lacks jurisdiction

in the first instance. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) ("[W][e are bound to consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction."). Where a district court lacks subject matter jurisdiction it need not — and ought not — address the merits argument about whether the complaint states a cognizable claim for relief. *Brownback v. King*, --- U.S. ---, 141 S. Ct. 740, 750 (2021) (holding that although a motion to dismiss may invoke both Rules 12(b)(1) and 12(b)(6), where the Court "lack[s] subject-matter jurisdiction for [any] non-merits reason[ ] . . . it must dismiss the case under just Rule 12(b)(1)"). The dismissal must be without prejudice. *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.") (citing *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005)).

Accordingly, it is **ORDERED** that the reports and recommendations (36, 75) are **ADOPTED**, the plaintiff's objections in their entirety are **OVERRULED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**. The plaintiff's motions (ECF No. 23, 32, 57, 65) are **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 7, 2023